| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY R SUTTON, et al., | CASE NO. C17-5914RBL |
| Plaintiffs, | ORDER DENYING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| HOSPICE CARE SERVICES, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiffs Jason and Jeffery Sutton's applications to proceed *in forma pauperis*, supported by their similar proposed complaints [Dkt. #s 1 and 7] The first proposed complaint [Dkt. #1] purports to be filed on behalf of the estate of Virginia Sutton, who appears to have died in 2000. Each complaint asserts a wrongful death claim. Jason and Jeffrey seek to have Mrs. Sutton's body exhumed, and assert that she was killed by her son (and their father), Defendant Russell Sutton, as part of a conspiracy with her hospice care giver and the other defendants. They seek to "call the entire estate into question," and allege that the value of the estate was taken from them. Jason Sutton is currently incarcerated, apparently for murdering a different family member.

1   A district court may permit indigent litigants to proceed *in forma pauperis* upon
2   completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad
3   discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
4   actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.
5   1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in
6   forma pauperis* at the outset if it appears from the face of the proposed complaint that the action
7   is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
8   1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint
9   is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778
10  F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

11  A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
12  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
13  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell
14  Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A
15  claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
16  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
17  *Iqbal*, 556 U.S. at 678.

18  Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint
19  in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995
20  (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo
21  review, that the complaint could not be saved by any amendment.")

22  The Suttons' proposed complaints do not meet this standard. First, neither has identified
23  any basis for this Court's jurisdiction over the subject matter; the parties are all alleged to be

24

ORDER DENYING MOTIONS FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 2

residents of Washington and they assert only a state law claim for wrongful death (or murder). Second, while Jason and Jeffrey can each represent themselves in this case and in this court, they cannot represent any other person or entity, including particularly the estate of their deceased grandmother. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations (and other entities) appearing in court proceedings must be represented by an attorney.

There is a *pro se* exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." The *pro se* exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer v. State, Dep't of Employment Sec.,* 162 Wash. App. 782, 787–88, 257 P.3d 667, 669 (2011).

Third, the claims themselves are facially and fatally time-barred. The death, the alleged conspiracy, and the damages alleged all occurred some 17 years ago.

The Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] is therefore DENIED. The Suttons shall pay the filing fee (only *one*, they do not each need to pay a filing fee) or file a proposed amended complaint addressing and correcting these deficiencies and satisfying the standard above **within 21 days** or this matter will be DISMISSED.

IT IS SO ORDERED.

Dated this 15th day of December, 2017.

Ronald B. Leighton
United States District Judge